IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50015
_____

GUIDO LUMBER CO., INC.,

Intervenor-Appellant,

versus

INDEPENDENCE HILL, LIMITED; ZI INVESTMENT
BUILDERS, INC.; STEVEN L. ZELVIN,

Plaintiffs-Appellees,

PULLER MORTGAGE ASSOCIATES, INC.;
UNITED STATES OF AMERICA,

Defendants-Appellees,

P. CARTER KENDALL, Trustee,

Garnishee-Appellee.

_____

Appeal from the United States District Court for the
Western District of Louisiana
(91-CV-22)
_____

October 30, 1996

Before REYNALDO G. GARZA, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

The appellant, Guido Lumber Company, was hired to furnish

building materials for the construction of a housing community.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The project experienced financial difficulties, and the construction company entered bankruptcy. In the bankruptcy proceedings, a trust was established to eliminate any outstanding liens against the property, thereby rendering clear title. Guido Lumber Company claims an interest in these funds.

We agree with the district court that, because Guido failed to file its claim within four years of the time the cause of action arose, Guido Lumber Company's cause of action is time-barred. Blum v. Elkins, 369 S.W.2d 810, 814 (Tex. Civ. App.--Waco 1963, no writ).

A F F I R M E D.